UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DALE W. HAMMONDS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:05-CR-52-JRG-1 |
| | ) | 2:16-CV-61-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Dale W. Hammonds ("petitioner") which challenges his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, petitioner's amended § 2255 motion [Doc. 33] will be **GRANTED**.[2]

### I. BACKGROUND

On May 10, 2005, a grand jury sitting in the Eastern District of Tennessee returned a two-count indictment against petitioner charging him in Count One with possession of firearms and

---

[1] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

[2] Petitioner's motion for an expedited ruling on his § 2255 motion in light of *Stitt* [Doc. 49] filed on July 27, 2017, will be denied as moot.

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and in Count Two with possession of stolen firearms and ammunition, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) [Doc. 1].  On August 22, 2005, petitioner entered a plea of guilty as to Count One [Doc. 15].

The presentence investigation report ("PSIR") identified five previous convictions for a violent felony, committed on occasions different from one another, that qualified petitioner as an armed career criminal under the ACCA: (1) a 1990 conviction for attempt to commit second degree murder in the Sullivan County, Tennessee, Criminal Court [PSIR ¶ 27]; (2) a 1990 conviction for aggravated burglary in the Washington County, Tennessee, Criminal Court [PSIR ¶ 29]; (3) and (4) two convictions on September 9, 1994, for arson and aggravated burglary in the Washington County, Tennessee Criminal Court [PSIR ¶ 31]; and, (5) a 1998 conviction for escape in the Washington County, Tennessee, Criminal Court [PSIR ¶ 35].  As an armed career criminal, petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life and his advisory guideline sentencing range was 180 to 210 months [PSIR ¶¶ 51 and 52].

On October 31, 2005, petitioner was sentenced to a term of imprisonment of 180 months on Count One of the indictment to be followed by a term of supervised release of five years. [Doc. 24].  Petitioner did not file a direct appeal.

On March 28, 2016, petitioner filed his pending § 2255 motion challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 33].  The government's request to defer ruling on petitioner's motion, as supplemented, pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), was granted by the Court on March 3, 2017 [Doc. 46].  On June 27, 2017, the Sixth Circuit issued its *en banc* decision holding that a conviction of aggravated

burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 27, 2017, the parties filed a joint status report agreeing that petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 50].

## II. ANALYSIS

### 1. TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category – the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In re Watkins*, 810 F.3d at 381-85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly,

*Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, petitioner filed the supplement to his pending § 2255 motion on March 28, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

**2. STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**3. PETITIONER'S *JOHNSON* CLAIM**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"

(the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and thus is invalid—if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, two of petitioner's predicate offenses were convictions for aggravated burglary in violation of Tennessee Code. Annotated § 39-14-403 [PSR ¶¶ 29 and 31]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860-

5

61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id.* at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id.* at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[3] and *Johnson* invalidated the residual clause, petitioner's aggravated burglary convictions under the Tennessee statute can no longer be used as predicate offenses under the ACCA. Furthermore, absent those convictions, petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.[4]

Accordingly, the *Johnson* and *Stitt* decisions dictate that petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 180-month term of imprisonment and 5-year term of supervised release imposed by the Court exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years'

---

[3] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 50 at 2].

[4] In its response to petitioner's § 2255 motion, the government concedes that petitioner's conviction for escape no longer counts as an ACCA predicate post-*Johnson* because it only could qualify as a violent felony under the stricken residual clause [Doc. 35 at 5]. Without the aggravated burglary and escape convictions, petitioner, at most, would have only two predicate convictions for ACCA status – those for attempted second degree murder and for arson. Although petitioner also has challenged those convictions as proper predicate offenses for varying reasons, the Court need not decide those issues as petitioner would not have the requisite three predicate offenses for ACCA purposes even assuming attempted second degree murder and arson still qualify as convictions for a violent felony post-*Johnson*.

supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, petitioner already has served 145 months in prison, a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*. While the parties are in agreement that petitioner is entitled to a corrected sentence and immediate release from custody, they disagree as to how the sentence should be corrected. The government submits that the appropriate relief would be to correct petitioner's sentence to a sentence of "time served," whereas petitioner requests a reduction to a specific sentence of 120 months' imprisonment, the statutory maximum for a violation of § 922(g)(1) for a non-armed career criminal.

Although petitioner contends that a "time served" sentence is "equally as unconstitutional as an above statutory maximum term due to the excess time that he has spent in custody" [Doc. 49 at 2], petitioner has not identified, and this court is unaware of, any authority that so much as suggests that it is an abuse of discretion for a district court to impose a corrected term of "time served" where a petitioner entitled to *Johnson*-based collateral relief already has served in excess of the 120-month statutory maximum applicable to non-ACCA offenders under 18 U.S.C. § 924(a)(2). To the contrary, at least one appellate court explicitly has held that under such

circumstances "the imposition of a 'time served' sentence was not erroneous." *United States v. Watkins*, No. 16-3621, 2017 WL 2197899 * 1 (8th Cir. May 18, 2017).[5]

Moreover, a large number of district courts across the country have been imposing "time served" sentences upon petitioners entitled to *Johnson* relief who already had served time in excess of the statutory maximum applicable to them as non-armed career criminals. *See, e.g.*, *Bearden v. United States*, No. 04-cr-20195, 2017 WL 3172747 (W.D. Tenn. July 26, 2017) (petitioner who already had served more than 120 months in prison re-sentenced to "time served"); *Dotson v. United States*, No 3:04-CR-136-1, 2017 WL 3165118 (E.D. Tenn. July 25, 2017) (same); *United States v. O'Shea*, Cr. No. 02-10286, 2017 WL 2701751 (D. Mass. June 22, 2017) (same); *McBee v. United States*, No. 4:06-cr-17, 2016 WL 3962996 (E.D. Tenn. July 21, 2016) (imposing "time served" sentence instead of some lesser, determinable number of months); *United States v. Husbands*, No. 4:01-cr-77, 2016 WL 3702676 (N.D. Fla. July 12, 2016) (same); *but see United States v. Westry*, Cr. No. 02-10286, 2017 WL 2221714 (E.D. Va.

---

[5] Not only has the Sixth Circuit Court of Appeals never found, to this Court's knowledge, an abuse of discretion in the imposition of a "time served" sentence upon a petitioner who had already served a term beyond a statutory maximum, the Court recently declined even to take up this very issue, holding that it had no jurisdiction to consider a petitioner's appeal from a "time served" sentence imposed post-*Johnson* because the appeal was rendered moot when the petitioner was released from federal custody. *United States v. Perotti*, Case No. 16-3556, 2017 WL 3129121 (6th Cir. July 24, 2017). In doing so, the Court rejected petitioner's assertions of continuing adverse consequences from a "time served" sentence which would have created a live controversy, including that he would lose the opportunity to have his over-served time credited to him should his supervised release be revoked in the future, that he would be unable to have his time spent in custody properly considered by the district court should it consider shortening his supervised release term, or that he would be unable to have his case considered by the state parole authority. *Id*. * 2. The court found each of these asserted harms to be "insufficient to confer appellate jurisdiction." *Id*. Significantly, the Court observed that "should the hypothetical federal proceedings contemplated by [petitioner's] appeal come to pass, he can then present the claims he seeks to raise in this proceeding." *Id*.

May 19, 2017) (rejecting government's request for a "time served" sentence and imposing a fixed-term sentence of 120 months).

The Court is satisfied that a reduction to a sentence of "time served," rather than a fixed 120-month sentence, is appropriate in this case. Accordingly, the Court will grant petitioner relief in the form of a corrected sentence to that effect and will enter an order accordingly.

**4. CONCLUSION**

For the reasons set forth herein, the Court finds that petitioner is entitled to relief under § 2255 and will grant petitioner's § 2255 motion [Doc. 33]. Since petitioner already has served approximately 145 months in prison [Doc. 50 at 3], a total exceeding the ten-year custodial maximum applicable to him post-*Johnson*, petitioner's term of imprisonment will be corrected and reduced to a sentence of "time served" on Count One of the indictment. While petitioner is entitled to discharge from custody, this order will not take effect until 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the Judgment imposed on October 31, 2005 [Doc. 24], will be amended to reflect a term of supervised release of 3 years on Count One of the indictment. In all other respects, the Judgment imposed on October 31, 2005, shall remain in full force and effect.

**ORDER ACCORDINGLY.**

    s/J. RONNIE GREER
    UNITED STATES DISTRICT JUDGE